UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MARVIN JOHNSON,<br>Defendant. | Case No. 92-cr-00497-EMC-1<br>**ORDER DENYING DEFENDANT'S MOTION TO PROHIBIT SENTENCING ON COUNTS ONE, TWO, AND THREE OF THE SECOND SUPERSEDING INDICTMENT**<br>Docket No. 545 |

In 2016, this Court granted Defendant Marvin Johnson's motion to vacate his sentence pursuant to 28 U.S.C. Section 2255 in light of recent Supreme Court precedent. *See* Docket No. 492. However, this Court stayed the relief of resentencing pending two other Supreme Court decisions. While the parties and this Court were scheduling resentencing, Mr. Johnson filed an additional motion to prohibit sentencing on Counts 1, 2, and 3 of the second superseding indictment. Docket No. 545 ("Mot."). For the reasons discussed below, Mr. Johnson's motion is **DENIED**.

## I. BACKGROUND

Mr. Johnson was arrested in 1992 in connection with drug-trafficking, firearm, and arson charges. A jury convicted him on sixteen counts, including multiple counts for violation of 18 U.S.C. section 924(c), which penalizes use of a destructive device during a drug-trafficking crime or during a crime of violence. For the Section 924(c) count related to a drug trafficking crime (Count 3), Mr. Johnson received a sentence of 30 years. For the Section 924(c) counts related to the crime of violence of arson (Counts 10, 15, and 21), Mr. Johnson received three life sentences without release. For the Section 924(c) count related to the crime of violence of witness

1   tampering (Count 23), Mr. Johnson received a sentence of 20 years. All these sentences are to be

2   served concurrently. Before and throughout trial, Mr. Johnson never moved to dismiss the second

3   superseding indictment.

4   In 1995, Mr. Johnson's judgment was affirmed by the Ninth Circuit. *See United States v.*

5   *Johnson*, 51 F.3d 283 (9th Cir. 1995). His appeal did not include a challenge to the second

6   superseding indictment. Two years later, he filed a Section 2255 motion claiming ineffective

7   assistance of counsel; this motion did not argue the second superseding indictment was defective.

8   Docket No. 405. The district judge denied the Section 2255 motion. Docket No. 428.

9   In 2016, following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct.

10  2551 (2015), Mr. Johnson filed a renewed Section 2255 motion to vacate his Section 924(c)

11  convictions relying of an intervening change in law. Docket No. 477. On December 16, 2016,

12  this Court granted the renewed Section 2255 motion, relying on the Supreme Court's decision in

13  *Johnson*. Mr. Johnson's renewed Section 2255 motion did not raise any defects related to the

14  second superseding indictment.

15  In 2019, prior to re-sentencing, Mr. Johnson filed a motion challenging the second

16  superseding indictment for the first time. Mr. Johnson asks this Court to disregard the conviction

17  on Counts 1, 2, and 3 on re-sentencing.

## II. **DISCUSSION**

19  Generally, the failure of an indictment to detail each element of the charged offense

20  constitutes a fatal defect. A claim of a defective indictment can be raised in some circumstances

21  after trial but "[c]hallenges [should] be made at the earliest possible moment . . . . [I]ndictments

22  which are tardily challenged are liberally construed in favor of validity." *United States v. James*,

23  980 F.2d 1314, 1316 (9th Cir. 1992).

24  In the instant action, Mr. Johnson challenges Counts 1, 2, and 3 of the superseding second

25  indictment in his motion styled as a motion to prohibit sentencing based on a defective-indictment

26  theory. In essence, it is a belated motion to dismiss the indictment. A case is no longer "pending"

27  within the meaning of Federal Rules of Criminal Procedure 12(b)(2), the typical vehicle under

28  which a motion to dismiss an indictment is brought, after the judgement becomes final. *United*

2

*States v. Rios-Hernandez*, 2013 WL 4857952, at *1 (D. Nev. Sept. 10, 2013). *See Clay v. United States*, 537 U.S. 522, 525–27 (2003) (finding a judgment of conviction becomes final in the context of post-conviction relief when the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for *certiorari*, or when the time for seeking *certiorari* review expires). An otherwise untimely motion to dismiss the indictment may be treated as a motion to vacate the sentence under Section 2255. *See Rios-Hernandez*, 2013 WL 4857952, at *1. As noted above, Mr. Johnson previously filed a Section 2255 motion. This would be his third. Under some circumstances, "[p]risoners may file second-in-time petitions based on events that do not occur until a first petition is concluded." *United States v. Buenrostro*, 638 F.3d 720, 725–26 (9th Cir. 2011). However, "under the abuse-of-the-writ doctrine, . . . the words of § 2255(h) indicate Congress' clear intent to prohibit [the Ninth Circuit] from certifying second-in-time claims, ripe at the time of a prisoner's first § 2255 proceeding but not discovered until afterward, unless such claims either rely on a new, retroactive rule of constitutional law or clearly and convincingly prove the prisoner's innocence." *Id*.

Mr. Johnson's motion is neither timely nor cognizable. First, to the extent Mr. Johnson moves the Court for an order barring sentencing on Counts 1, 2, and 3 because the second superseding indictment is allegedly defective, it is time-barred since his case is no longer pending within the meaning of Rule 12. Second, even if Mr. Johnson's request is construed (as it should) as a Section 2255 petition to vacate his sentence, it is an improper, uncertified second or successive petition. Mr. Johnson fails to satisfy Section 2255(h). There has not been an intervening change in law following Mr. Johnson's previous appeals which would render the indictment defective here. *Buenrostro*, 638 F.3d at 725–26. Nothing prevented Mr. Johnson from challenging the validity of the indictment earlier.

The Ninth Circuit's decision in *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) is illustrative. In *Ivy*, the defendant pleaded guilty to a number of crimes, including a continuing-criminal-enterprise ("CCE") charge. *Id*. He exhausted his direct appeals regarding his sentence and filed a Section 2255 petition unsuccessfully. *Id*. He then filed two more Section 2255 petitions, but both were denied as "second or successive." *Id*. Then, he filed a 28 U.S.C. section

3

2241 petition, which permits relief "if he can show that the remedy by motion [under Section 2255] is inadequate or ineffective to test the legality of his detention." *Id*. The Ninth Circuit recognized that other circuits have held that Section 2255 provides an "inadequate or ineffective remedy" when the movant is (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an unobstructed procedural shot at presenting this claim. *Id*.

In the Section 2241 petition, Ivy argued for the first time that the indictment that charged him with engaging in a CCE was defective because it did not allege three violations of federal narcotics law, as mandated by the CCE statute. But the *Ivy* court found that "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under Section 2255 . . . [because] the claim was available since the day he was indicted. It could have been raised at any time prior to or during trial, or on direct appeal . . . . He also could have raised his innocence claim in his initial Section 2255 petition. Thus, he has not been denied a chance to present it." *Id*.

While the *Ivy* decision concerned a Section 2241 petition, its analysis regarding second or successive Section 2255 petitions pertains here. Mr. Johnson's ability to challenge the second superseding indictment on the ground asserted was available since the day he was charged. Similarly, Mr. Johnson could have included it in his prior direct and collateral appeals—indeed, his current counsel argues that his prior counsel "should have" then made the argument. Docket No. 549 at 2. Like the defendant in *Ivy*, Mr. Johnson is now barred from raising the claim without complying with the requirements applicable to a successive Section 2255 petition.

Mr. Johnson's citation to the Supreme Court's opinion in *Magwood v. Patterson*, 561 U.S. 320 (2010) is not persuasive. In *Magwood*, the Court permitted a belated challenge to the petitioner's state court sentence despite the fact that it could have been brought earlier. There, the Supreme Court was confronted with the narrow issue of how "second or successive" was defined under 28 U.S.C. section 2244(b), which applies to judgments of state courts. The Court's holding concerned Section 2254 petitions, not petitions filed under Section 2255. *See id.* ("The limitations imposed by § 2244(b) apply only to a 'habeas corpus application under Section 2254,' that is, an 'application for a writ of habeas corpus on behalf of a person in custody pursuant to the ***judgment***

4

of a State court'") (emphasis in original). Taking a textualist approach, the Court specifically distinguishes the wording of Section 2254 from Section 2255—only the former uses the term "judgment"[1]; its analysis was grounded in the specific wording of Section 2244(b) and its application to Section 2254 petitions. Second or successive petitions under Section 2255 are governed by 2255(h), not 2244(b). Because Section 2255 petitions challenges federal sentences—not "judgments"—the reasoning of *Magwood* about whether a new "judgment" is rendered upon remand within the meaning of Sections 2244(b) and 2254 is inapposite to Section 2255 petitions. *Magwood* did not disturb the abuse-of-the-writ doctrine applicable to successive Section 2255 petitions. Furthermore, the Supreme Court in *Magwood* stated it was not confronted with a subsequent application challenging the original, undisturbed *conviction*. The Supreme Court expressly stated that "[t]his case gives us no occasion to address that question [whether the second or successive rule bar applies], because Magwood has not attempted to challenge his underlying conviction." *Magwood* is of no assistance to Mr. Johnson.

Mr. Johnson also makes a new "sentence mulligan" argument, citing *United States v. Saikly*, 207 F.3d 363, 370 (6th Cir. 2000). In *Saikly*, the Sixth Circuit held the district court erred in a resentencing that followed a successful habeas petition because the court did not consider the defendant's objections to the new presentence report. The *Saikly* court concluded that a district court could reapply sentence enhancements for the possession of a firearm during a drug-trafficking crime after conviction for use or carrying a firearm in relation to drug-trafficking offense is vacated, but the district court was required to consider the defendant's objections to the second, "new" presentence report prepared after the defendant prevailed on motion to vacate. *Id*. Here, Mr. Johnson is not challenging facts in a new presentence report but the validity of the underlying conviction on the grounds that could have been brought earlier.

The Court **DENIES** Mr. Johnson's request to prohibit sentencing on Counts 1, 2, and 3 as a time-barred motion to dismiss the indictment, or, alternatively, as a second or successive

---

[1] *See id*. at 2790 ("Because § 2254 applies only to custody pursuant to a state-court judgment, that "judgment" is inextricable and essential to relief. It is a requirement that distinguishes § 2254 from other statutes permitting constitutional relief.") (citing 28 U.S.C. section 2255).

5

petition, which has not been certified by the Ninth Circuit.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is **DENIED**.

This order disposes of Docket No. 545.

**IT IS SO ORDERED**.

Dated: March 6, 2020

_____
EDWARD M. CHEN
United States District Judge