United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>MARVIN JOHNSON,<br>    Defendant. | Case No. 92-cr-00497-EMC-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>Docket No. 555 |

This Court previously denied Defendant Marvin Johnson's motion to prohibit sentencing on Counts 1, 2, and 3. Docket No. 553 ("Order"). In so ruling, the Court construed Mr. Johnson's request as a second or successive petition under 28 U.S.C. section 2255 and applied its interpretation of the Supreme Court's decision in *Magwood v. Patterson*, 561 U.S. 320 (2010). *See id*. This Court concluded that *Magwood* specifically pertained to Section 2254 habeas petitions that involved state court judgments, and that the Supreme Court explicitly distinguished Section 2254 from Section 2255. This Court also noted that the Supreme Court left open whether its opinion applies to instances where the petition seeks to challenge the underlying conviction. *Id*. at 5 (quoting *Magwood*, 561 U.S. at 2802).

Mr. Johnson has since highlighted circuit court authorities (including that from the Ninth Circuit) which support his position that *Magwood* applies to Section 2255 petitions.[1] He cites to *Johnson v. United States*, 623 F.3d 41 (2d Cir. 2010), which specifically addressed the issue left

---

[1] Although Mr. Johnson cited these authorities in his prior motion, he briefs them in greater detail in his request for reconsideration. This Court revisits these authorities with the benefit of Mr. Johnson's additional briefing. *See* N.D. Cal. Crim. L.R. 7-9(b)(3).

open in *Magwood*. In *Johnson*, the defendant was convicted in federal court for (1) bank robbery, (2) armed bank robbery, and (3) using a firearm in connection with a crime of violence. *Id*. at 42. The defendant filed his first Section 2255 petition claiming double jeopardy against his convictions of both bank robbery and armed bank robbery. *Id*. at 43. The district court denied the petition, but the Second Circuit reversed, finding the two convictions and concurrent sentences violated double jeopardy. *Id*. The Second Circuit thereafter modified the defendant's judgment by vacating his bank-robbery conviction and sentence (but leaving undisturbed his armed-bank-robbery conviction and sentence, as well as his conviction and sentence for using a firearm in a crime of violence). *Id*. The Second Circuit then affirmed the judgment as modified. *Id*.

The defendant in *Johnson* then filed another Section 2255 petition arguing the Second Circuit should have, instead, vacated his conviction and sentence for armed bank robbery and for using a firearm in connection with a crime of violence. *Id*. In this second petition, he also argued that the indictment was defective and that he received ineffective assistance of counsel—both of these arguments were not alleged in his first Section 2255 petition. Thus, they were newly raised arguments. *Id*. The district court denied the petition as a second or successive habeas petition, but the Second Circuit reversed and held that *Magwood* applies to Section 2255 petitions as well. The court found that "[t]he term 'sentence' in § 2255(a) . . . does not have a materially different meaning than the term 'judgment' in § 2254(b). These two terms are often used interchangeably" *Id*. at 44. Thus, "[i]t follows that, where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the ***conviction, the sentence, or both***." *Id*. at 46 (emphasis added).

The Ninth Circuit embraced the Second Circuit's analysis in *Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012). However, *Wentzell* did not involve a Section 2255 petition. Like *Magwood*, *Wentzell* involved a Section 2254 petition pertaining to a state court judgment. Wentzell pled guilty in state court for (1) solicitation to commit murder, (2) attempted murder, and (3) theft and was sentenced. He filed a Section 2254 petition, but the district court denied it as untimely because over a year had passed. The Ninth Circuit affirmed. *Id*. at 1125. He then filed a petition for habeas corpus in state court, and the state court granted the petition in part because the

2

1 defendant could not be convicted of both solicitation to commit murder and attempted murder.

2 *Id*. The state court ordered the solicitation to commit murder conviction and sentence dismissed

3 and entered an amended judgment.

4 Wentzell then filed a Section 2254 petition again in federal court. *Id*. at 1126. The district

5 court *sua sponte* dismissed it as time-barred or, alternatively, as a second or successive petition.

6 *Id*. In light of *Magwood* and the Second Circuit's opinion in *Johnson*, the Ninth Circuit reversed:

> The State argues that Wentzell's petition is "second or successive" notwithstanding the intervening judgment, because his amended judgment left the convictions and sentences on the two remaining counts unchanged, and the second petition challenges those unaltered components of the judgment. With regard to this argument, we find the Second Circuit's analysis in *Johnson v. United States*, 623 F.3d 41, 44 (2d Cir.2010), persuasive. *Johnson* held that "where a first habeas petition results in an amended judgment, a subsequent petition is not successive," even if its claims could have been raised in a prior petition or the petitioner "effectively challenges an unamended component of the judgment." The court reasoned that "[i]n light of *Magwood*, we must interpret successive applications with respect to the judgment challenged and not with respect to particular components of that judgment."

*Id*. at 1127 (internal citations omitted).

The government argues that *Wentzell* is distinguishable because it involves a state court judgment and thus did not involve a Section 2255 petition. *See* Docket No. 558. But the Ninth Circuit's seemingly wholesale adoption of *Johnson* raises serious doubt whether Section 2255 petitions can be treated differently from Section 2254 petitions. Indeed, at least one circuit judge from the Seventh Circuit has taken the position that they are treated identically:

> No one who has been following the law of habeas corpus in the federal courts since 1996 would assume that it is easy for a prisoner—federal or state—to raise a potentially successful claim, even in an initial application. State prisoners seeking to present a petition for habeas corpus relief under 28 U.S.C. § 2254 face a daunting array of procedural requirements that often stump even experienced lawyers, ranging from exhaustion of remedies, to fair presentment obligations, to procedural default rules, and above all, to the strong deference to the conclusions of fact and law reached by the state courts. While the situation of federal prisoners is somewhat different, because they normally must proceed using a motion under 28 U.S.C. § 2255 for collateral relief analogous to habeas corpus, and because they are operating within a unitary system, ***the differences for the most part are only skin-deep***. **This is especially true when it comes to second or successive**

> **applications for relief.** In the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104–132 (AEDPA), Congress made parallel changes to §§ 2254 and 2255 to ensure that successive litigation would take place only under the most compelling of circumstances. For state prisoners who wish to proceed under § 2254 with such an application, the rules are contained in 28 U.S.C. § 2244; for federal prisoners who are attempting to file a successive § 2255 motion, the rules are found in 28 U.S.C. § 2255 ¶ 8.

*White v. United States*, 371 F.3d 900, 903 (7th Cir. 2004) (Wood, J., concurring) (emphasis added). Moreover, following the Supreme Court's decision in *Magwood*, although circuits are split on whether—after resentencing—the second-or-successive doctrine applies to subsequent habeas petitions challenging the ***original*** judgment, the vast majority of circuits have concluded that an intervening amended or new judgment permits a subsequent Section 2255 petition to be treated as an initial challenge to ***that*** judgment.[2]

In its dismissing order, this Court relied on *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) for the proposition that if a petitioner could have raised a defective-indictment claim in an initial Section 2255 petition, then that petitioner had not been denied a chance to present that claim, and, therefore, the petitioner would be procedurally barred from raising that claim in a subsequent Section 2255 petition. "Ivy acknowledge[d] that he [was] procedurally barred from raising his . . . claim by § 2255 motion." *Id*. However, this Court recognizes that *Ivy* was not confronted with an intervening new or amended judgment between the first and second Section 2255 petitions as in *Magwood*, *Johnson*, *Wentzell*, and here. Thus, neither *Ivy* nor *Wentzell* is

---

[2] *See e.g.*, *Suggs v. United States*, 705 F.3d 279, 285 (7th Cir. 2013) (Section 2255 petition filed against a new judgment but directed at claims that were contained in the original judgment was procedurally barred as second or successive); *In re Lampton*, 667 F.3d 585, 589–90 (5th Cir. 2012) ("The district court did not enter an amended judgment of conviction in this case. No new sentence was imposed. The less fundamental change made to Lampton's judgment of conviction is not enough to allow him to bypass AEDPA's restrictions on piecemeal habeas litigation."); *cf. Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) (per curiam) (a "judgment" is comprised of both the sentence and the conviction and that, accordingly, resentencing results in a new judgment, "making this the first challenge to that new judgment"); *King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015) ("a habeas petitioner, after a full resentencing and the new judgment that goes with it, may challenge his undisturbed conviction without triggering the 'second or successive' requirements"); *In re Gray*, 850 F.3d 139, 143 (4th Cir. 2017) ("when a habeas petition is the first to challenge a new judgment, it is not second or successive within the meaning of § 2244(b), regardless of whether it challenges the sentence or the underlying conviction. The *Magwood* Court made clear that it is the newness of the intervening judgment as a whole that resets the habeas counter to zero."); *In re Brown*, 594 F. App'x 726, 729 (3d Cir. 2014) (same).

4

precisely on point with this case. Having re-surveyed the case law, including *Wentzell* and out-of-circuit authorities, the Court now concludes that until the Ninth Circuit rules otherwise, *Magwood* extends to Section 2255 petitions, and petitions challenging the legality of a new federal sentence, even on a basis that could have been brought in a prior Section 2255 proceeding is not treated as a successive petition.

The Court **GRANTS** Mr. Johnson's motion for reconsideration. However, technically the appropriate remedy would be to permit Mr. Johnson an opportunity to file a Section 2255 petition challenging the second superseding indictment *after* this Court resentences him. This is so because his Section 2255 petition must be directed at a new or amended sentence/judgment. While this Court is prepared to proceed with sentencing, the Court directs the parties to determine whether, in light of the ruling herein, they can agree to have this Court adjudicate Mr. Johnson's legal challenge to Counts 1, 2, and 3 prior to sentencing, rather than having the Court impose a sentence and then invite an entirely new round of Section 2255 briefing, which, if Mr. Johnson prevails, could result in another sentencing. The parties shall meet and confer and either submit a stipulated schedule or report back to the Court at a telephonic conference on April 22, 2020 at the time previously set for sentencing. The sentencing set for said date is **VACATED** pending further order.

This order disposes of Docket No. 555.

**IT IS SO ORDERED**.

Dated: March 30, 2020

_____
EDWARD M. CHEN
United States District Judge